```
                     UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF VERMONT


ADRIAN LEE-JARMAN                  :
                                   :
          Plaintiff,               :
                                   :
     v.                            :   Case No. 1:05-CV-172
                                   :
                                   :
STEPHANIE J. LANDVATER, M.D.,      :
PLC                                :
                                   :
          Defendant.               :
_____:
```

          RULING ON PLAINTIFF'S MOTION TO EXCLUDE EXPERT TESTIMONY
                              (Paper 53)

Plaintiff Adrian Lee-Jarman ("Plaintiff") has filed a Motion to Exclude Expert Testimony by defendant Stephanie J. Landvater, M.D. ("Defendant").  (Paper 53).  Defendant has opposed this motion.  (Paper 58).

The Stipulated Discovery Schedule/Order specifies "Defendant shall submit expert witness reports on or before 11/10/06." (Paper 53-2).  Defendant disclosed two experts, who were deposed. Defendant later formed her own opinions, which she disclosed in a letter dated June 27, 2007. Defendant seeks to testify regarding the opinions of medical witnesses who testify at trial, based on Fed. R. Evid. 703.

Plaintiff argues that Defendant should be prohibited from testifying about the opinions contained in her June 27, 2007 report because disclosure of her as an expert was untimely. According to Plaintiff, the parties stipulated that "defendant's experts would be disclosed and their reports produced by November 10, 2006."[1] (Paper 53, p. 2). Plaintiff asserts that these opinions transcend the category of treating physician and render Defendant "in the same position as a 'retained' expert," thus necessitating a timely disclosure under Fed. R. Civ. P. 26(a). (Paper 53, pp. 2-3). Plaintiff further argues that allowance of Defendant's opinions will result in prejudice to the Plaintiff because it will require additional time and expense to complete discovery.

In response, Defendant asserts the November 10, 2006 deadline is not applicable to her opinions because, "as a defendant in this lawsuit and a board-certified orthopedic surgeon who will be present at trial," she "may testify as to opinions based on facts she may learn at trial and/or to comment on the opinions offered by other testifying experts and/or treating doctors," (Paper 58, p. 3) and that even if Fed. R. Civ. P. 26(a) applies to her opinions, allowing her testimony will not

---

[1] The actual language of the Stipulated Discovery Schedule/Order is different than Plaintiff's motion papers indicate because the November 10, 2006 deadline refers only to submission of expert reports, not disclosure of experts.

prejudice Plaintiff.  Defendant asserts that no further formal discovery is necessary because Plaintiff will have time to discuss Defendant's opinions with his experts and treating doctor before they testify. (Paper 62, p. 2).

Although the Stipulated Discovery Schedule/Order sets November 10, 2006 as the deadline for Defendant to submit expert witness reports, it does not address disclosure dates for experts not required to submit a report.  Whether Defendant is required to submit an expert report is governed by Fed. R. Civ. P. 26(a)(2)(B), which states that disclosure is to "be accompanied by a written report prepared and signed by the witness" when the witness is "retained or specially employed to provide expert testimony in the case."

It appears to the Court Defendant is seeking to testify as the defendant in the case, who also may be qualified as an expert.  Defendant Landvater is not "retained" for the purposes of Fed. R. Civ. P. 26(a)(2)(B).  Accordingly, she is not required to submit an expert report and the November 10, 2006 deadline does not apply to her testimony.

When an expert is not required to submit a report, Fed. R. Civ. P. 26(a)(2)(a) still requires disclosure of "any person who may be used at trial to present evidence under Rules 702, 703 or 705 of the Federal Rules of Evidence." In this case, the stipulation by the parties does not address disclosure dates for

3

experts who are not required to submit reports, so the disclosure of defendant's testimony would be controlled by Fed. R. Civ. P. 26(a)(2)(C), which requires disclosure at least 90 days before the date the case is to be ready for trial. This case was to be ready for trial by October 1, 2007, so the disclosure of June 27, 2007 was timely.

<u>Conclusion</u>

Plaintiff's Motion to Exclude Expert Testimony by Defendant (Paper 53) is DENIED. If counsel for the Plaintiff desires to arrange for experts to rebut the expert testimony of the Defendant, she shall consult with Defendant's counsel and a joint amendment to the discovery schedule allowing for further discovery shall be submitted to the Court by October 5, 2007.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 18th day of September, 2007.

                                              /s/ J. Garvan Murtha
                                              J. Garvan Murtha
                                              United States District Judge